————o————

No. 4688.

Court of Appeal, Parish of Orleans.

## ROSALINO GUARINO VS. MR. AND MRS. VALLEY WOODWORTH.

1. The vendor must furnish at his cost, certificates in his own name from the Registrar of Conveyances. The vendee will not be permitted arbitrarily to demand extra certificates in the name of previous owners unless he assigns some substantial reasons.

2. When the research shows that certificates are attached to every conveyance of the property heretofore made, the demand for extra certificates is clearly unreasonable.

Appeal from Civil District Court, Division "A."

F. T. Echezabal, for Plaintiff and Appellant.

Legier & Gleason, T. B. Walker, for Defendant and Appellee.

ESTOPINAL, J. This is a proceeding by plaintiff to recover from defendant the earnest money deposited by him to bind the sale of a certain piece of real estate according to a written agreement and promise to buy, the plaintiff alleging in his petition that he deposited ten per cent of the purchase price, two thousand, seven hundred dollars ($2,700.00), or two hundred and seventy dollars ($270.00); that the written agreement contained a stipulation that the sale should be completed within thirty days after the signing of the agreement; that the defendant failed to tender a good and valid title within that time, refusing to furnish the following certificates: United States District and Circuit Court Certificates in the following names:

1st. Gottfried Hollerbach, Jacobina Hollerbach, wife of the said Gottfried Hollerbach, Louis Zehner, Anna Maria Hollerbach, wife of the said Louis Zehner, Charles Frederick Beck, Christian Hollerbach, wife of the said Charles Frederick Beck, John Jacob Valentine, William Launschbach (or William Hollerbach), Adolph Barrere, Anna Maria Launschbach, (or Anna Maria Hollerbach), wife of said Adolph Barrere, Catherine Elizabeth Hollerbach, Gottfried William Launschbach (or Gottfried William Hollerbach), Lillie Wilhelmina Launschbach (or Willie Wilhelmina Hollerbach), Philipine Launschbach, (or Philipine Hollerbach), and Olivia Launschbach (or Olivia Viola Hollerbach), also in the names of Mrs. Marguerite E. Richard, widow of Jean Marie Sabolot, Noel Bacassin, Eugene DeJan, Mrs. Lillie Eugenia Pradat, wife of Vally Woodworth, and said Vally Woodworth to the date of the passage of said act of sale.

2nd. Certificates from the Mortgage Office of the Parish of Orleans in the following names:

Mrs. Marguerite E. Richard, widow of Jean Marie Sabalot, Eugene DeJan, Francois Pierre Duconge, Auguste Kern, Zephyrin Baptiste, Mrs. Lillie Eugenia Pradat, wife of Vally Woodworth, and the said Vally Woodworth, to the said date of the passage of said act of sale.

3rd. Certificates from the Conveyance Office of the Parish of Orleans in the following names:

Eugene DeJan from 1879 to 1888, both of the said years inclusive; Zephyrian Baptiste, from 1872 to 1879, both of said years inclusive; August Kern, from 1869 to 1871, both of said years inclusive; Mrs. Lillie Eugenia Pradat, wife of Vally Woodworth, and said Vally Woodworth from 1903, inclusive, to the date of the passage of said act of sale.

4th. State and City Tax Certificates from 1869, inclusive, to the year of the passage of said act of sale.

Plaintiff prays for judgment for double of the deposit, or five hundred and forty dollars.

The defendant, after first tendering the general issue, answers specially that she executed the contract to sell, individually; that she has been willing to sign an act conveying the property to plaintiff upon the payment by him of the purchase price agreed upon; that she appeared, accompanied by her husband, at the office of the notary designated, within the time limit agreed upon, prepared to sign the act, but that she was informed the title would not be accepted unless she produced certificates in the name of all the parties named in plaintiff's petition; that the plaintiff has never made a tender of the purchase price to her (defendant).

The issue involved, in our opinion, is determined absolutely by the statement of facts upon which the case was presented.

The record shows that conformably to the legal requirements (Sec. 2528 R. S.), the notary who was to pass the act of sale had secured from the Register of Conveyances a certificate on non-alienation in the name of the vendor.

The succeeding Article of the Revised Statute (2529), for failure to secure such certificate, makes the notary liable to a heavy fine.

The research of the examiner of title must necessarily disclose whether or not certificates have been attached to the various mesne conveyances which have gone before. Should the notary discover the absence of the certificates or some discrepancy in such certificates appertaining to dates or signatures, or the absence of such in the document, then it becomes his duty to demand extra certificates in that particular name, and we think that the vendor would, in the event, have to pay the cost; but where, as in this case, there is no stipulation that the vendor

should furnish other certificates than that which the law provides and the purchaser in demanding other certificates gives no reason for exacting these, we do not think he is entitled to them.

The purchaser will not be permitted arbitrarily to demand other certificates than that in the name of the vendor unless he assigns some substantial reason.

No such reasons are given in this case, but on the contrary, the statement of facts submitted, wherein it is admitted that certificates were attached to all the sales by former owners of the property, makes it clear that the demand of the plaintiff is utterly unreasonable and contemplated neither by law nor the parties to the contract.

Plaintiff has not indicated either the necessity for extra certificates nor that which would necessarily follow such showing, the validity of the title tendered.

The judgment of the District Court was in favor of defendant. It is not error, and is hereby affirmed.

May 3, 1909.

Rehearing refused May 17, 1909.